UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DAVID R. KELLY,**

    **Plaintiff,**

                                                    **Civil Action 2:10-cv-00775**

**v.**                                           **Judge Algenon L. Marbley**

                                                    **Magistrate Judge E.A. Preston Deavers**

**COMMISSIONER OF SOCIAL
SECURITY,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of the August 4, 2011 Report and Recommendation. In her Report and Recommendation, the Magistrate Judge recommended that the Court affirm the decision of the Commissioner of Social Security ("Commissioner"). Plaintiff filed his Objections to the Report and Recommendation on August 18, 2011. He specifically maintains that the Administrative Law Judge ("ALJ") erred in failing to adopt the opinion of the medical expert. For the reasons that follow, Plaintiff's Objection are **OVERRULED** and the Report and Recommendation is **ADOPTED**.

Only a brief description of the facts is necessary.[1] Plaintiff seeks supplemental social security alleging disability due to several conditions including back and neck pain. The record reflects that various physicians have evaluated Plaintiff from both a mental and physical standpoint. The opinions of these physicians have greatly varied as to the extent of Plaintiff's limitations. Dr. Jonathan Nusbaum testified as a medical expert at the administrative hearing.

---

[1] The Magistrate Judge performed a thorough review of record evidence in this case within her Report and Recommendation.

Dr. Nusbaum found that Plaintiff's subjective complaints of pain were in excess of the objective medical findings within the record. From this information, Dr. Nusbaum opined that Plaintiff met the § 12.07 Listing requirements for somatoform disorder.[2] (R. at 657–59.) In a August 4, 2009 decision, the ALJ rejected Dr. Nusbaum's opinion as to his diagnosis of a Listing level somatoform disorder and ultimately concluded that Plaintiff was not disabled. The Magistrate Judge found that substantial evidence supported the ALJ's rejection of Dr. Nusbaum's opinion regarding Plaintiff meeting the requirements of Listing § 12.07 for somatoform disorder.

Within his brief objections, Plaintiff maintains that the ALJ should have adopted Dr. Nusbaum's Listing requirement opinion. Plaintiff emphasizes that because Dr. Nusbaum was able to review the entire record and, although he is not a mental health expert, because of his medical experience, he was in the best position to compare Plaintiff's complaints of pain to the medical evidence. Having performed a *de novo* review pursuant to 28 U.S.C. § 636(b), Plaintiff's objections are **OVERRRULED**. The Report and Recommendation addressed this issue and the Court agrees with, and adopts, the Magistrate Judge's reasoning. Specifically, as explained in her Report and Recommendation:

> [S]ubstantial evidence supports the ALJ's rejection of Dr. Nusbaum's opinion in this case. First, somatoform disorder is a mental impairment and Dr. Nusbaum is not a mental health professional. *See Buxton v. Halter*, 246 F.3d 762, 764 n.1 (6th Cir. 2001) (defining somatoform disorder); *see also White v. Barnhart*, 415 F.3d 654, 658–59 (7th Cir. 2005) (holding that it was not unreasonable for an ALJ to discount the somatoform disorder diagnoses of "two nontreating doctors who specialize in physical impairments"). Accordingly, although Dr. Nusbaum did have access to the entire record as a medical expert, he did not have the specialization to lend support [to] his diagnosis. In this case, various mental health professional, many of whom considered whether Plaintiff met the § 12.00 Listing requirements, provided consulting and reviewing opinions. None of these physicians suggested that Plaintiff

---

[2] The Social Security "Listing" requirements are found in 20 C.F.R. Part 404, Subpart P, Appendix 1.

met or equaled § 12.07, or even diagnosed somatoform disorder. Furthermore, none of Plaintiff's examining or treating medical physicians, despite knowledge of Plaintiff's pain complaints and access to some, if not all, of Plaintiff's diagnostic test results, opined that Plaintiff had or might have somatoform disorder.

Additionally, substantial evidence supports the ALJ's credibility decision, further bolstering his rejection of Dr. Nusbaum's opinion. Plaintiff suggests that it was inconsistent for the ALJ to reject Dr. Nusbaum's somatoform opinion, but then find that Plaintiff was not entirely credible because he exaggerated his pain. Although questions regarding somatoform disorder and a claimant's credibility as to pain share similar components, they are distinct. As one Court of Appeals has noted:

> Pain is always subjective in the sense of being experienced in the brain. The question whether the experience is more acute because of a psychiatric condition is different from the question whether the applicant is pretending to experience pain, or more pain than she actually feels. The pain is genuine in the first, the psychiatric case, though fabricated in the second. The cases involving somatization recognize this distinction. *Metz v. Shalala*, 49 F.3d 374, 377 (8th Cir.1995); *Latham v. Shalala*, supra, 36 F.3d at 484; *Easter v. Bowen*, supra, 867 F.2d at 1129.

*Carradine v. Barnhart*, 360 F.3d 751, 754–55 (7th Cir. 2004).

In this case, there are a number of reasons to question whether Plaintiff was entirely genuine in reporting his level of pain and other symptoms. As the ALJ pointed out, despite Plaintiff's complaints of physical pain, he also reported that he engaged in numerous activities to consulting physicians. Most noteworthy are Plaintiff's reports of fishing, playing pool, and throwing a football around with friends on the weekends. Mr. Spindler explicitly noted the contradiction between Plaintiff throwing a football for pleasure, while complaining of chronic neck, back, and wrist pain. (R. at 497.) Various physicians issued opinions suggesting Plaintiff was less than entirely credible. (See, e.g., 498, 515, 520.) Additionally, as the ALJ pointed out, the record does not contain any clear corroboration in the medical records regarding Plaintiff's reports of seizures and passing out. Furthermore, the record reflects that Plaintiff has been less than fully compliant with treatment. Although this might be due in part to Plaintiff's intellectual functioning, as Dr. Nusbaum notes, another potential explanation is that Plaintiff is not in as much pain as his complaints suggest. Based on these circumstances, the ALJ was reasonable in concluding that Plaintiff's complaints of pain were disproportionate to the medical evidence because of Plaintiff's lack of full credibility rather than a disabling somatoform disorder.

Furthermore, substantial evidence supports the ALJ's determination that Plaintiff did not satisfy all the components of Listing § 12.07. As noted above, to meet the requirements of Listing § 12.07, Plaintiff must satisfy two of the "B criteria." 20

>C.F.R. 404, Subpt. P, App. 1 § 12.07.  The ALJ, however, found Plaintiff had only mild or moderate limitations in these areas with no episodes of decompensation. Although Dr. Nusbaum opined that Plaintiff had marked restrictions in daily activities as well as concentration and persistence, other physicians suggested otherwise.  For examples, Drs. Tishler, Hoyle, and Demuth all offered opinions in these areas consistent with the ALJ's decision.  Mr. Spindler's findings and opinions also appear generally consistent with the ALJ's conclusions.

(Report & Recommendation 21–23, ECF No. 14 (footnotes omitted).)

In overruling Plaintiff's Objections the Court stresses the standard it must apply in this context.  Plaintiff provides some reasons why the ALJ might have decided to accept Dr. Nusbaum's opinion.  Nevertheless, the Court may not disturb the Commissioner's decision simply because a different conclusion was possible.  The standard is one of substantial evidence. "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal quotations omitted).  Here, for the reasons the Magistrate Judge outlined, the Court concludes that, at the very least, the ALJ's decision was reasonably supported by the record evidence.

Plaintiff's Objections also "incorporate" all of the arguments contained in his Statement of Errors.  The Court questions whether incorporating previous arguments through such a general reference is sufficient to preserve any further issues for *de novo* review.  *See Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007).  Regardless, the Court has performed a *de novo* review of the entire Report and Recommendation in light of Plaintiff's Statement of Errors.  The Court finds that the Magistrate Judge adequately analyzed the issues Plaintiff raised.

Based on the above, as well as the analysis within the August 4, 2011 Report and Recommendation, Plaintiff's Objections (ECF No. 16) are **OVERRULED** and the Report and

Recommendation (ECF No. 14) is **ADOPTED**.  Accordingly, the Court **AFFIRMS** the decision of the Commissioner.

    **IT IS SO ORDERED.**

                                                  s/Algenon L. Marbley
                                                **ALGENON L. MARBLEY**
                                                **UNITED STATES DISTRICT COURT**

**DATED:** September 27, 2011